UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FREDERICK DOUGLAS, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA. ) | No. 2:11-cv-265-WTL-WGH<br>No. 2:08-cr-00014-WTL-CMM-2 |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Frederick Douglas ("Douglas") for relief pursuant to 28 U.S.C. ' 2255 must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

*Background*

On July 21, 2009, Douglas was charged in a Second Superceding Indictment filed in No. 2:08-cr-00014-WTL-CMM-2 with conspiracy to distribute in excess of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. On September 14, 2009, Douglas filed a petition to enter a plea of guilty and on that same day the parties submitted a written plea agreement. Paragraph 10 of that plea agreement provided: "Douglas expressly waive[d] his right to appeal the conviction and any sentence imposed on any ground . . . [and additionally] Douglas expressly agree[d] not to contest, or seek to modify, his conviction or his

sentence or the maner [sic] in which it was determined in any proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255." Plea Agreement, ¶ 10.

Also on September 14, 2009, the court conducted a change of plea hearing. The court was satisfied that Douglas was competent to enter a plea of guilty and that the plea was made knowingly and voluntarily. The court accepted the plea agreement and adjudged Douglas guilty. Douglas was sentenced on February 17, 2010. Judgment was entered on the docket on March 2, 2010. Douglas filed an appeal, which was dismissed on October 10, 2010, based on a waiver in the plea agreement. This action was then filed on October 6, 2011.

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Douglas asserts claims of ineffective effective assistance of counsel. Critically, however, he does not allege that counsel was ineffective in negotiating the waiver provision already described as being in paragraph 10 of the plea agreement.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) the plea agreement was involuntary, 2) the district court relied on a constitutionally impermissible factor such as race, 3) the sentence exceeded the statutory maximum, or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.*; *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had

nothing to do with the issue of a deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.@).

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently.@ *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). That is precisely the character of the plea the court accepted from Douglas after a probing inquiry in full conformity with the requirement of Rule 11 of the *Federal Rules of Criminal Procedure*. His guilty plea was voluntarily and knowingly entered. As to the methodology directed above, the plea was voluntary, the court did not rely on a constitutionally impermissible factor, Douglas' sentence does not exceed the statutory maximum, and Douglas has not established counsel's ineffectiveness in relation to negotiation of the plea agreement.

Douglas' effort to show otherwise here is without basis. His signed statement in the plea agreement asserted that he understood the terms of the agreement and the terms correctly reflected the results of plea negotiations, he was freely and voluntarily pleading guilty, and he was pleading guilty because he was guilty of the crime to which he was entering his plea.

To allow Douglas to now contradict his written statements and his sworn testimony would defeat the very purpose of the plea agreement. "Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [a defendant] to renege on his representation under oath to the district court. . . ." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*,

244 F.3d 553, 558 (7th Cir. 2001)(internal quotation omitted). Douglas has not met that burden here. He has not shown that his plea agreement was not knowingly and voluntarily made. In addition, he has not shown any ineffective assistance of counsel in relation to the waiver provision in the plea agreement.

Accordingly, the waiver provision of the plea agreement is valid and will be enforced.

The foregoing shows that Douglas is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 2:08-cr-00014-WTL-CMM-2.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Douglas has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 07/22/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Gerald A. Coraz
Office of the United States Attorney
Gerald.coraz@usdoj.gov

Frederick Douglas
#09129-028
Elkton FCI
Inmate Mail/Parcels
P.O. Box 10
Lisbon, OH  44432